UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20440-ALTMAN

**HUMBERTO HERNANDEZ**,

    *Petitioner*,

v.

**MIAMI FIELD OFFICE DIRECTOR**, *et al.*,

    *Respondents*.

_____/

## ORDER

    Humberto Hernandez's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1] presents a question of statutory interpretation that has divided judges across the country: Is an alien who's living in the United States without having been lawfully admitted subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), or is he entitled to a bond hearing under 8 U.S.C. § 1226(a)? After a careful review of the Petition, the Government's Response ("Response") [ECF No. 6], and the Petitioner's Reply ("Reply") [ECF No. 7], we **DENY** the Petition.

### BACKGROUND

    Our Petitioner, Humberto Hernandez, is a Mexican citizen who entered the United States without inspection over 21 years ago. *See* Petition ¶¶ 42, 44. In December 2025, the Petitioner was "arrested while driving to work" and placed into "removal proceedings before the Miami Krome Immigration Court pursuant to 8 U.S.C. [section] 1229a." *Id.* ¶¶ 43–44. During those proceedings, U.S. Immigration and Customs Enforcement ("ICE") "charged [the] Petitioner with, *inter alia*, being inadmissible [ ] as someone who entered the United States without inspection." *Ibid.* "Following [the] Petitioner's arrest and transfer to Krome North Service Processing Center, ICE issued a custody

determination to continue [the] Petitioner's detention without an opportunity to post bond or be released on other conditions." *Id.* ¶ 46.

The Petitioner alleges that he's "unable to obtain review of his custody by an [Immigration Judge ('IJ')], pursuant to the [Board of Immigration Appeals'] decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)," which held that "all noncitizens who entered the United States without admission or parole are subject to detention under § 1225(b)(2)(A) and are ineligible for IJ bond hearings." *Id.* ¶¶ 15, 32. The Petitioner now seeks habeas relief in our Court, arguing that the Respondents have misinterpreted the detention provisions of the Immigration and Nationality Act ("INA") and asking us to "require that Respondents release [him] or, in the alternative, provide [him] with a bond hearing pursuant to 8 U.S.C. § 1226(a)." *Id.* at Prayer for Relief (cleaned up).

## THE LAW

Section 2241 allows district courts to grant relief to petitioners who are held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This jurisdiction extends to petitioners challenging their detention under our immigration laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

### I. The Petitioner's Detention is Governed by 8 U.S.C. § 1225

The Petitioner argues that "[t]he application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA." Petition ¶ 51 (cleaned up). Section 1225 governs the inspection and removal of a specific subset of aliens—"applicants for admission." 8 U.S.C. § 1225(a). Subsection (a)(1) defines "applicant[s] for admission" as "alien[s] present in the united states who [have] not been admitted *or* who arrive[ ] in the United States[.]" § 1225(a)(1) (emphasis added). An alien hasn't been "admitted" to the United States until he's obtained "lawful entry . . . into the United States after inspection and authorization by an immigration officer." § 1101(a)(13)(A). An applicant

2

for admission who isn't "clearly and beyond a doubt entitled to be admitted" to the United States, "shall be detained" for removal proceedings. § 1225(b)(2)(A).

The Petitioner concedes that he's present in the United States without having been formally admitted. Still, he contends that he's not an "applicant for admission" subject to mandatory detention because § 1225 only "applies to people *arriving* at U.S. ports of entry or who *recently* entered the [United States]," Petition ¶ 40 (emphasis added), and not to "those who have resided in the United States for months, years, and even decades," *id.* ¶ 31. In the Petitioner's view, his detention is governed by § 1226, under which aliens are "generally entitled to a bond hearing at the outset of their detention." *Id.* ¶ 23 (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)). The Respondents disagree, arguing that, "[u]nder the plain language of § 1225(b)(2), the government is required to detain all aliens, like [the] Petitioner, who are present in the United States without admission and are subject to removal proceedings—regardless of how long the alien has been in the United States or how far from the border they ventured." Response at 4

This question—whether an alien who's lived in the United States unlawfully for years is an "applicant for admission" under § 1225—has divided the judges in our District. *Compare Morales v. Noem*, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026) (Singhal, J.) ("Because Petitioner is present without admission, he is an 'applicant for admission' governed by section 1225."); *with Ardon-Quiroz v. Assistant Field Dir.*, 2025 WL 3451645, at *7 (S.D. Fla. Dec. 1, 2025) (Becerra, J.) (holding that a petitioner like ours was "governed by section 1226(a) and, therefore, . . . entitled to an individualized bond hearing"). And the Eleventh Circuit hasn't resolved this split—although two relevant appeals are pending in that court. *See Alvarez v. Warden,* No. 25-14065 (11th Cir.); *Perez v. Parra*, No. 25-14075 (11th Cir.).

The Fifth Circuit, however, *has* addressed this precise question in a recent (and thorough) opinion. *See Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In that case, the Fifth Circuit concluded that "[t]he text and context of § 1225 contradict[ed]" the Petitioner's position and held that aliens "present in the United States [that] [have] not been admitted" are unambiguously "applicants for admission within the meaning of § 1225(a)(1)." *Id.* at *4.

After careful review, we think the Fifth Circuit and our own Judge Singhal have the better view. *See generally ibid.*; *Morales*, 2026 WL 236307. The plain text of § 1225(a)(1) defines aliens, like our Petitioner, as "applicants for admission" notwithstanding their distance from the border or the time they've spent in the United States without admission. And while the text of the statute resolves the question presented in our case, we also agree with the Fifth Circuit that the contrary view would yield some bizarre results. As the Fifth Circuit observed: "It seems strange to suggest that Congress would have preserved bond hearings exclusively for unlawful entrants." *Buenrostro-Mendez*, 2026 WL 323330, at *9.

We thus conclude that the Petitioner is an "applicant for admission" and that his detention is governed by § 1225, which doesn't grant him the right to an individualized bond hearing. *See id.* at *4 ("Nor do the petitioners dispute that if § 1225(b)(2)(A) applies to them, it would require their detention without eligibility for bond. The statute unambiguously provides for mandatory detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." (cleaned up)).[1]

---

[1] We recognize that we've adopted what is currently the minority view among district courts. *See Beunrostro-Mendez*, 2026 WL 323330, at *3 ("Since DHS began to detain unadmitted aliens under § 1225(b)(2)(A), well over a thousand aliens have filed habeas corpus petitions seeking bond hearings. In most of these cases, the district court found in favor of the petitioner."). Still, many judges across the country agree with the position we've taken here. *See, e.g.*, *Uulu v. Warden*, 2026 WL 412204 (E.D. Cal. Feb. 13, 2026) (Shubb, J.); *Arana v. Arteta*, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Lopez v. Dir. of Enf't & Removal Operations*, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026) (Pratt, J.); *Gutierrez Sosa v. Holt*, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026) (Wyrick, J.). And we think that number will grow once these cases reach the circuit courts.

## II. The Petitioner's Detention Doesn't Violate Due Process

The Petitioner also advances a perfunctory due-process claim. *See* Petition ¶ 55 ("The government's detention of Petitioner without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process."). We reject this argument with little difficulty. For one thing, the only case the Petitioner cites in support of this claim is *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), which involved the circumstances in which an alien could seek relief from a post-removal order of detention—an issue that's not relevant here. For another, even if we applied the *Zadvydas* framework, the Petitioner would still need (1) to show that he's been detained for more than six months and (2) to establish that he's unlikely to be removed in the foreseeable future. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."). But our Petitioner has been detained only since December 2025, *see* Petition ¶ 43, and he hasn't established that there's no significant likelihood of removal in the foreseeable future.

For yet another, the Supreme Court has held that the government needn't conduct individualized bond hearings to determine an alien's flight risk and may detain aliens in removal proceedings to combat the risk of widespread flight. *See Demore v. Kim*, 538 U.S. 510, 528 (2003) (upholding § 1226(c)'s mandatory-detention scheme against a challenge that alien detainees had a due-process right to individualized bond hearings); *cf. Morales*, 2026 WL 236307, at *9 (rejecting a due-process claim in circumstances very similar to ours).

### CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

5

2. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on February 27, 2026.



_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov